UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
J&J SPORTS PRODUCTION, INC.  :
                             :
                  Plaintiff, :
                             :   **MEMORANDUM & ORDER**
         -against-           :
                             :   13-CV-6173 (ENV) (JO)
EL OJO AQUA CORP. d/b/a LA ESQUINTA :
OVEN & GRILL and LEONIDES AYALA, :
                             :
                  Defendants. :
                             :
-------------------------------------------------------------x

-------------------------------------------------------------x
J&J SPORTS PRODUCTION, INC.  :
                             :
                  Plaintiff, :
                             :   **MEMORANDUM & ORDER**
         -against-           :
                             :   13-CV-6196 (ENV) (JO)
EL RANCHERO TEXANO BAR &     :
NIGHTCLUB, INC. d/b/a LA NORTENA BAR,:
and, HIPOLITO TECO,          :
                             :
Defendants.                  :
                             :
-------------------------------------------------------------x

VITALIANO, D.J.,

Plaintiff J&J Sports Production, Inc. ("J&J") commenced an action against defendants El Ojo Aqua Corp d/b/a La Esquinta Oven & Grill, and its principal, Leonides Ayala, on November 7, 2013. (13-CV-6173, Dkt. 1) The next day, November 8, 2013, J&J filed a second lawsuit against defendants El Ranchero Texano Bar & Nightculb, Inc. d/b/a La Nortena Bar, and its principal, Hipolito Teco. (13-CV-6196, Dkt. 1) In both civil actions, J&J claims that defendants violated

1

the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 553, 605, by unlawfully intercepting and broadcasting a closed circuit telecast of a boxing match. All defendants failed to respond to the summonses served upon them.

On March 13, 2014, the Court issued orders granting plaintiff's motions for default judgment in each matter, and referred the matters to Magistrate Judge Orenstein to conduct inquests on damages. (13-CV-6173, Dkt. 15; 13-CV-6196, Dkt. 13) On August 29, Judge Orenstein issued his Report and Recommendation in each case (the "R&Rs"), and, in each instance, recommended that the Court vacate the judgments of default and dismiss the complaints. (13-CV-6173, Dkt. 20;13-CV-6196, Dkt. 18) According to the R&Rs, the inquests on damages revealed that, while J&J claimed in both complaints that it had the exclusive license to televise the boxing match, it actually submitted an advertisement as evidence at the inquest proclaiming that a separate entity, "G&G," was in fact "the OFFICIAL CLOSED CIRCUIT PROVIDER" for the boxing match. R&Rs at 4-5 (capitalization in original). What's more, the advertisement went on warn that "[t]here is NO OTHER LEGAL LICENSOR," and that "[a]ny location that has not been licensed by this provider will be considered a PIRATE and TREATED ACCORDINGLY." *Id.* Judge Orenstein observed that the complaint did not allege, and the evidence at the inquest did not show, that defendants had failed to obtain a license from G&G. Consequently, Judge Orenstein concluded that the complaint "fail[ed] to establish either J&J's standing or the defendants' liability." *Id.*

2

In reviewing an R&R of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept the R&R. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001).

The R&Rs in these cases ordered plaintiff to serve all parties with a copy of the applicable R&R by September 2, and required that any objections be received within 14 days of that date – September 16, 2014. Plaintiff filed proof of service in both cases on September 2, and neither plaintiff nor defendants have objected to the R&Rs at all, much less within the time period prescribed by 28 U.S.C. § 636(b)(1). In accord with the applicable standard of review, although the recommendations are unusual in the context of an inquest on damages, the Court finds Judge Orenstein's R&Rs to be characteristically comprehensive, well-reasoned and free of any clear error on their face. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001). The Court, therefore, adopts them in their entirety as the opinion of the Court in each of their respective cases.

3

## Conclusion

For the reasons set forth above, the Court's vacates the orders directing the entry of default judgment. The complaint in each of these cases is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close these cases.

SO ORDERED.

Dated: Brooklyn, New York
September 19, 2014

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge